MAIDEN, Respondent, v. BOYD, Appellant.

## (155 N. W. 187.)

(File No. 3732.  Opinion filed December 18, 1915.  Rehearing denied
February 9, 1916.)

1. **Alienation of Affections—Criminal Conversation—Complaint, Sufficiency—Two Causes of Action Not Separately Stated.**

  Where a complaint for damages for alienation of affections and loss of society of plaintiff's wife, from wrongful and unlawful acts of defendant, and for criminal conversation, alleged, as part thereof, that defendant wrongfully induced plaintiff's wife to transfer her affections from plaintiff to defendant, held, that said allegations constituted a cause of action, without charging criminal conversation.  **Held,** further, that the charge, in another part of the complaint, that defendant had criminal conversation with plaintiff's wife, constitutes a cause of action, without alleging any attempt on defendant's part to alienate her affections; and, while the causes of action were not separately stated, as they should have been, the complaint states two causes of action.

2. **Alienation of Affections—Adultery—Sufficiency of Evidence—Inference for Jury—Reluctance to Disturb Verdict.**

  Where, in a suit for damages for alienation of affections and for criminal conversation, there is no direct evidence that defendant and plaintiff's wife ever committed adultery, or that

he alienated, or attempted to alienate her affections, and many of the acts shown in plaintiff's evidence were, as explained, equally consistent with innocence on the part of defendant, so that whether defendant was guilty under either charge of the complaint is purely a matter of inference for the jury, yet the Supreme Court would be reluctant to disturb the verdict of guilty, on the sole ground of insufficiency of evidence, were it based upon competent evidence.

3    Evidence—Witnesses—Alienation of Affections—"Appearance of the Relations"—"Attentions"—Conclusions of Witness, Competency, Exceptions to Rule—Impression of Witness.

Where, in a suit for alienation of affections and for criminal conversation, plaintiff's witness was asked "what was the appearance of the relations between" the parties in question, and testified, "I noticed that he paid attentions to her," against objections that the question called for conclusion of witness and was incompetent and immaterial; and was asked further, "what these attentions he paid her were," to which he answered, "He seemed desirous of her company;" the trial court having refused to strike out the latter answer as being a conclusion and not responsive; held, that while, under the general rule, said questions, which called, not for facts, but for conclusions of the witness, and said testimony, should have been excluded, yet, under the exception to the rule, when the occurrences in question are of such a nature that they cannot be described as they appeared to the witness, he may give the impression produced in his mind thereby.

4.  Evidence—Measure of Damages—Alienation of Affections—Value of Wife's Services—Plaintiff's Testimony, Competency.

Plaintiff, in a suit for alienation of affections, and for criminal conversation, was properly permitted by trial court, to answer a question as to what his wife's services were worth to him in keeping his home and looking after it. While the jury was not bound by the answer, it was proper, for what it was worth, to furnish the jury with some basis on which to work in arriving at the amount of damages.

5.  Trial—Refused Instruction—Instructions Given Covering Case—Harmless Error.

A refusal to give requested instructions correctly stating the law applicable to the case, is not prejudicial error, where the substance thereof was fairly covered by instructions given.

6.  Trial—Alienation of Affections—Proof of Adultery, Necessity of—Refused Instruction—Prejudicial Error.

Where, in a suit for damages for alienation of affections, there was no direct evidence of adultery, nor of time or place where that offense could have been committed, held, that a requested instruction that plaintiff must satisfy the jury that

he committed adultery with plaintiff's wife substantially at the time and place and under the circumstances alleged in the complaint, that mere opportunity to commit adultery is not sufficient to establish that offense, that there must be such evidence of association together as would naturally lead a man of ordinary care and prudence to the conclusion that such parties did have illicit sexual intercourse, was improperly refused.

7. **Trial—Alienation of Affections—Remarks of Counsel to Jury as to Defendant's Character, Impropriety of.**

Remarks of plaintiff's counsel in the closing argument to jury, in a suit for alienation of affections and criminal conversation, referring to defendant as a "lecherous roue from Iowa," and referring to plaintiff's wife by saying: "This woman staid with defendant from March 11, 1911, down to the present time, when she knew people were talking about her," were highly improper, as serving to inflame and prejudice the minds of the jurors. It is not the province of lawyers, on a trial, to malign the parties or others whose rights may be involved.

Gates, J., and McCoy, P. J., dissenting.

Appeal from Circuit Court, Davison County. Hon. Frank B. Smith, Judge.

Action by John W. Maiden, against James E. Boyd, to recover damages for alienation of affections and criminal conversation. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Judgment and order reversed.

*E. E. Wagner,* for Appellant.

*Spangler & Haney,* for Respondent.

(1) To point one of the opinion, Appellant cited: Houghton v. Rice, (Mass.) 54 N. E. 843, 47 L. R. A. 310; Lellis v. Lambert, 24 Ont. App. 653.

Respondent cited: Civ. Code, Sec. 2286, 2287; Gessner v. Horne, (N. D.) 132 N. W. 431.

(2) To point two of the opinion, Respondent cited: Turner v. Lehrman, 141 N. W. 1009.

(3) To point three of the opinion, Appellant cited: The Blue Book of Evidence, page 871, volume 2, section 361.

(5) To point five of the opinion, Respondent cited: King v. Hanson, 99 N. W. 1085; Lindbloom v. Soustelie, 86 N. W. 357.

(6) To point six of the opinion, Appellant cited: Taft v. Taft, 80 Vt. 256, 12 Ann. Cases, 959; 2nd Bishop on Marriage

and Divorce, 1357; State v. Thompson, (Iowa) 111 N. W. 319.

POLLEY, J.   Plaintiff had judgment against the defendant for damages for the alienation of the affection and loss of the society of plaintiff's wife, alleged to have been caused by the wrongful and unlawful acts of defendant, and for criminal conversation by defendant with plaintiff's said wife.

[1] It is first contended by defendant that the complaint states but one cause of action, which is based upon criminal conversation; that there is no evidence to support this cause of action; and that, for that reason, plaintiff is not entitled to recover. With this contention we cannot agree.   While the causes of action are not separately stated, as they should be, the complaint does state two distinct causes of action.   The charge that defendant wrongfully induced Mrs. Maiden to transfer her affections from plaintiff to defendant constitutes a cause of action, without charging criminal conversation.   Likewise the charge that defendant had criminal conversation with Mrs. Maiden constitutes a cause of action, without alleging any attempt on the part of defendant to alienate the affections of plaintiff's wife, and the court properly charged the jury that the complaint does state two causes of action.   The fact that the two causes of action were not separately stated, and that no specific wrongful acts are charged against defendant, is his own fault, as he could, by motion, have required plaintiff to have separately stated his causes of action and to have more specifically charged the wrongful acts alleged to have been committed by defendant.

[2] In this case, as is usual in this class of actions, there is no direct evidence that defendant and Mrs. Maiden ever committed adultery, or that he ever, by word or act, alienated, or attempted to alienate, her affections from the plaintiff.   Many of the acts that were shown in support of plaintiff's theory of the case were, as explained, equally consistent with innocence on the part of the defendant; so that whether defendant is guilty under either charge contained in the complaint is purely a matter of inference for the jury, and as a rule we would be reluctant, in this kind of a case, to disturb a verdict based upon competent evidence on the sole ground of the insufficiency of the evidence.   But it is contended by appellant that he was prejudiced by certain rulings of the court in the admission and exclusion of certain testimony.

A witness for plaintiff was asked this question: "State what you said when you left there." This was objected to on the ground that it was incompetent and immaterial, and not binding on the defendant. The objection was overruled, and the ruling is assigned as error. What was said at this conversation was not only wholly immaterial to any issue in the case, but, having taken place in the absence of defendant, was in no wise binding upon him, and the answer should have been excluded.

[3] One of the witnesses for plaintiff, who testified as to the conduct of defendant and Mrs. Maiden, was asked this question: "During the time you knew them up there, what was the appearance of the relations between Mrs. Maiden and Mr. Boyd?" This was objected to on the ground, among others, that the question called for a conclusion of the witness, and was incompetent and immaterial. The objection was overruled, and the witness answered: "I noticed he paid attentions to her." The same witness was then asked this question: "State, in your own way, what these attentions he paid her were." To which he answered: "* * * He seemed desirous of her company." Appellant moved to strike out this answer, on the ground that it was a conclusion of the witness, and was not responsive to the question. The motion was overruled, and the ruling thereon is assigned as error. These questions do not call for statements of fact, and the answers do not purport to state facts. They call rather for the conclusion of the witness, deduced from what the witness had observed of the conduct of Mrs. Maiden and the defendant toward each other, and, under the general rule requiring a witness to state facts, and not conclusions, this testimony should have been excluded. But to this rule, as to most other rules, there are exceptions. It has been held in numerous cases that, when the occurrences that are the subject of the testimony are of such a nature that they cannot be described as they appeared to the witness, it is competent for the witness to give the impression produced on his mind by such occurrences: Wigmore on Evidence, § 1974; Jones on Evidence, (2d Ed.) 361. We believe that the testimony complained of by appellant comes within this exception to the general rule and was properly admitted. Just when such testimony is competent depends upon the particular case under consideration and rests largely in the discretion of the trial judge.

But, for the purpose of testing the correctness of the witness' conclusion, thorough cross-examination should be allowed. The testimony that is the basis of assignments Nos. 2 to 11, inclusive, is all subject to this rule and was properly admitted.

[4] Plaintiff, while on the stand, was permitted, over· defendant's objection, to answer the following question: "What were your wife's services worth to you in keeping your home and looking after your home?" There was no error in permitting this question to be answered. While the jury was in no wise bound by the answer, it was proper for what it was worth to furnish the jury with some basis on which to work in arriving at the amount of damages, if any, plaintiff had suffered.

Defendant called Mrs. Maiden to the witness stand and undertook to use her as a witness on his behalf. This was objected to by plaintiff, upon the ground that she was forbidden, by the provisions of section 486, C. C. Pro., to testify against her husband. As the case must be reversed on other grounds, and· as section 486 has been so amended (chapter 371, Laws 1913) that the question cannot arise again, it is not necessary to discuss or decide this question.

The materiality of the matters called for by the questions covered by assignments Nos. 21 and 22 does not appear, and the objections were properly sustained.

As the judgment must be reversed on other grounds, we do not deem it necessary to consider assignments Nos. 12, 19, 20, 23, and 24.

At the close of plaintiff's testimony, and again at the close of all the testimony, defendant moved for a verdict on the ground that the evidence was not sufficient to support a verdict for the plaintiff. As the evidence may not be the same on another trial, it is not necessary to discuss the sufficiency of the evidence to support the present verdict.

[5] At the close of the trial, the defendant requested certain instructions to be given the jury. The request was refused, and such refusal is assigned as error. The first, second, third, and eighth of these requested instructions correctly state the law applicable to this case, and the refusal to give the same would have constituted reversible error, had the substance of such instructions not been incorporated in the other instructions given by

the court; but we believe the substance of·said requested instructions was fairly covered by the instructions given by the court, and the defendant was not prejudiced by the refusal complained of.

No evidence was received that would warrant the giving of requested instructions Nos. 4 and 6, and the same were properly refused.

[6] Requested instruction No. 7 is as follows:

"The plaintiff's complaint charges the alienation of his wife's affections by means of adultery having been committed with her by the defendant. Now, before the plaintiff can recover under this count, he must satisfy you that the defendant committed adultery with the plaintiff's wife substantially at the time and place and under the circumstances alleged by the plaintiff in his complaint. Mere opportunity to commit adultery is not sufficient to establish this offense. There must be evidence of such fact and circumstances, time and place, and association together as would naturally lead a man of ordinary care and prudence to the conclusion that such parties did have illicit sexual intercourse."

The refusal to give this instruction is clearly error of a prejudicial nature. There was no direct evidence of adultery. There was no evidence that even approximately fixed a time when, or place where, that offense could have been committed. It is alleged in the complaint to have occurred on and after the 1st day of March, 1911. Whether or not they had an opportunity to commit adultery after that time is by no means clear from the evidence; but, conceding they had opportunity, that, of itself, is not sufficient to prove the offense, nor to warrant the inference that it had been committed. ·In addition to opportunity, it must be shown that each of the parties had a disposition to have illicit intercourse with the other. The fact that they were much in each other's company, and that they sought the company of each other in preference to that of others, does not necessarily lead to the inference that such disposition was present. As was said in Pollock v. Pollock, 71 N. Y. 137:

"Though presumptive evidence alone is sufficient to establish the fact, the circumstances must lead to it, not only by fair inference, but as a necessary conclusion. Appearances that are

equally capable of two interpretations will not justify the presumption."

There is no way of knowing whether the jury concluded that defendant and Mrs. Maiden were guilty of adultery and based their verdict upon such conclusion or not; but that issue was submitted to them, and these matters should have been explicitly explained by the court.

[7] During the closing argument to the jury, plaintiff's counsel referred to defendant as a "lecherous cur from Iowa," or, as counsel for respondent now claims, a "lecherous roue from Iowa," and, in referring to Mrs. Maiden, said: "This woman stayed with defendant from March 11, 1911, down to the present time, when she knew people were talking about her." Counsel for defendant took exceptions to these remarks, and now urge the making of them as error. Whether the use of this language constitutes reversible error or not it is not necessary to decide. Suffice it to say that the use of such language was highly improper, and could serve no purpose other than to inflame and prejudice the minds of the jurors. Moreover, it is not the province of lawyers, in the trial of cases, to malign the parties to the action or others whose rights may be involved.

It will not be out of place in closing to say that the work of writing the opinion in this case has been considerably increased by the fact that the jury did not find separately on each of the causes of action set up in the complaint, and we suggest that, before the case is retried, the complaint be amended so as to state each cause of action separately, and that the jury be required to separately state its findings on the different causes of action.

The judgment and order appealed from are reversed.

SMITH, J., concurs in conclusion.

GATES, J. (dissenting). It seems to me that the only possible ground for the reversal of the judgment would be the refusal of the trial court to give requested instruction No. 7 above quoted. The first sentence thereof is not a correct statement, as has been pointed out in the majority opinion. Undoubtedly the remainder of such proposed instruction correctly stated an abstract principle of law, and it seems to me that it was applicable to the facts of this case. But has the defendant been prejudiced by its refusal?

The trial court did instruct the jury as follows upon the question of criminal conversation:

"I might say to you, upon this question of adultery or sexual intercourse, and in fact upon either branch of the case, that it is not sufficient to create a suspicion. The evidence must be such that it would lead a just and considerate man to the conclusion that the defendant has been guilty of one or both of these acts. Of course, as I said, it is no mere guess or surmise. There must be some substantial evidence, and the minds of the jurors must be substantially satisfied, that he has committed either one or both of these acts, before you would be warranted in giving the plaintiff damages."

In view of that instruction, I am not prepared to say that the refusal to give requested instruction No. 7 was prejudicial. It seems to me that the essence of the proposed instruction was impressed upon the minds of the jurors by the instruction given, and I therefore think the judgment should be affirmed.

McCOY, P. J., concurs in the views of Justice GATES.